IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| JOHN D. MILES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. |
| MARTEK BIOSCIENCES CORP., et al., | ) CCB09-cv-3043 |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I.  **Introduction**

Plaintiffs John D. Miles and Margaret T. Miles have failed to serve process upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Instead, Plaintiffs' sole attempt at service has been to mail copies of the Complaint and summons to undersigned counsel. Because defendants have not authorized undersigned counsel to accept service of process on their behalf in this action, and because counsel did not enter an appearance before service was attempted, Plaintiffs' attempt at service was ineffective as a matter of law. Moreover, because Plaintiffs failed to submit evidence that they requested "Restricted Delivery" for their mailing to undersigned counsel, service would be ineffective under Maryland law even if it had been mailed to defendants or to an agent authorized to accept

service on their behalf. Accordingly, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## II.   Statement of Facts

### A.   Background: Ferenc Csabai's Complaint

This litigation represents the latest installment in a multi-year campaign by Mr. Ferenc Csabai to sully the reputation of Martek and its management. Mr. Csabai, a trader of stock options who allegedly lost money on his Martek investments, has for many years attacked Defendants both on internet postings and in correspondence. As Defendants detailed in their motion to dismiss in Civil Action No. 09-cv-2280 (the "*Csabai* Action"), Mr. Csabai previously threatened Martek that he would institute litigation and "inflict [ ] some serious problems for Martek management" if his attempt to extract money from Martek proved unsuccessful. 1/

When Martek refused to accede to Mr. Csabai's threats, he proceeded to file a ponderous 66-page pleading accusing Defendants, and virtually everyone associated with Martek, of engaging in a complex seven-year conspiracy to defraud investors. In his Complaint, Mr. Csabai complained not only of his own alleged investment losses, but also of losses suffered by eleven "individuals, consisting of family, friends and business associates" – presumably individuals encouraged to invest in Martek by Mr. Csabai. 2/ Thereafter, four virtually-identical complaints,

---

1/   See *Csabai* Action, Ex. G to the Decl. of David M. Feitel in Support of Defts.' Mot. To Dismiss or, in the Alternative, for the Entry of Summ. J. (Dkt. No. 20-16).
2/   See *Csabai* Action, Compl. at 5 (Dkt. No. 1).

including the one in this action, were filed by some of the eleven apparent "friends, family and business associates" to whom Mr. Csabai referred.

### B. Plaintiffs' Complaint

On November 16, 2009, Plaintiffs filed the instant action. Their Complaint raises the same allegations – in most cases verbatim – raised by Mr. Csabai in his previously-filed complaint. Thus, Plaintiffs allege that Defendants "fraudulently misrepresented nearly every material aspect . . . of [Martek] to the public equity market from the time of Martek's purchase of Omega Tech in March of 2002 to the present, 2009." 3/

On November 25, 2009, this Court issued a standard order authorizing the issuance of process and noting proper methods for accomplishing service of that process. In particular, the Court noted that if Plaintiffs attempted service upon the Defendants by certified mail, restricted delivery, they were required to attach the "United States Post Office acknowledgement as proof of service". 4/ Plaintiffs nevertheless attempted service by sending copies of the Complaint and summons to Mark D. Gately, counsel for Defendants in the previously-filed *Csabai* Action. 5/ To Defendants knowledge, no service has been attempted upon either the Company or any of the individual Defendants of the Complaint and summons in this action.

---

3/   *See* Compl. at 1 (Dkt. No. 1).

4/   *See* 11/25/09 Order re Service 1 n.1 (Dkt. No. 2).

5/   *See* Return of Service (Dkt. No. 4). *See also* Ex. A. hereto (copy of envelopes received by undersigned counsel on 12/3/09).

Moreover, although Plaintiffs' Priority Mail package was sent to counsel by certified mail, Plaintiffs apparently elected not to pay for "Restricted Delivery" service. 6/

Defendants, through their counsel, now appear in this action solely for the limited purpose of seeking dismissal for improper service of process.

**III.   Argument**

    **A.   The Governing Standards**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss on grounds of insufficient service of process. 7/ Because Defendants have challenged the sufficiency of service, Plaintiffs bear the burden of establishing that service has been accomplished in a manner that comports with Rule 4 of the Federal Rules of Civil Procedure. 8/ This is a standard Plaintiffs cannot meet.

    **B.   Plaintiffs Cannot Effect Service Upon Defendants by Mailing the Complaint to Defendants' Counsel in the *Csabai* Action**

---

6/   *See* Return of Service. Plaintiffs checked the box on their Return of Service form indicating they served the Complaint by "certified mail, restricted delivery – attach green card." *Id.* at 1. The tracking sheet Plaintiffs submitted with their Return of Service, however, nowhere indicates that Restricted Delivery service was requested. *See id.* at 3-4. Moreover, Plaintiffs failed to attach the green return receipt acknowledgement card that would indicate if "Restricted Delivery" service was, in fact, requested. *See id.* Finally, Plaintiffs' Return of Service does not indicate upon whom service was made. *See id.* Because undersigned counsel did not personally sign a return-receipt acknowledgement card for any delivery from Plaintiffs, it appears likely that Plaintiffs did not pay for "Restricted Delivery" service.

7/   Fed. R. Civ. P. 12(b)(5).

8/   *See, e.g.*, *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Rule 4 of the Federal Rules of Civil Procedure authorizes several different methods for effecting service of process. But a plaintiff is not free to invent his own alternative methods of service not found within the Rule. Rather, Rule 4 is "there to be followed and plain requirements for the means of effecting service of process may not be ignored." 9/

In this case, Plaintiffs' sole attempt at service was to send a copy of the Complaint and summons for each defendant to counsel for Defendants. As numerous courts both within the Fourth Circuit and in other Circuits have noted, however, service cannot be accomplished by serving an attorney who represents a defendant in a previously-filed action. 10/ Rather, as the United States Court of Appeals for the Federal Circuit has explained:

---

9/   *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

10/   *See, e.g., Sain v. HSBC Mortgage Servs., Inc.*, No. 4:08-2856-TLW-TER, 2009 WL 2858993, at *4 (D.S.C. Aug. 28, 2009) ("the fact that [counsel] has represented [defendant] in other matters does not convert [counsel] into an agent to accept service of a new summons and complaint in a separate action on [defendant's] behalf."); *accord Compton v. Lowe's Cos.*, No. 08-cv-809-JPG, 2009 WL 4015522, at *1 (S.D. Ill. Nov. 19, 2009) ("it is well-established that service upon a party's attorney is insufficient unless the attorney has been appointed specifically for that purpose" (citation and internal quotation marks omitted)); *Kruska v. Perverted Justice Found.*, No. CV-08-0054-PHX-SMM, 2009 WL 4041941 (D. Ariz. Nov. 16, 2009) (noting that "service on attorney is insufficient unless attorney had actual authority from client to accept service on client's behalf" (citing *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248-49 (9th Cir. 1987)); *Dorrough v. Harbor Secs., LLC*, No. 99 CV 7589 (ILG), 2002 WL 1467745, at *4 n.6 (E.D.N.Y. May 10, 2002) ("Mailing copies of the summons and complaint to [defendant's] attorney was insufficient to properly effect service."); *J&L Parking Corp. v. U.S.*, 834 F. Supp. 99, 102 (S.D.N.Y. 1993) ("an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action"), *aff'd*, 23 F.3d 397 (2d Cir. 1994).

> The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service. 11/

Here, Plaintiffs has not, and cannot, establish that counsel was authorized to accept service on behalf of any defendant. Nor has counsel entered a general appearance in this litigation.

Moreover, although Maryland law allows for service by certified mail, it requires plaintiffs using this method to request "Restricted Delivery."12/ To the extent Plaintiffs failed to make such a request, their attempt at service would be defective as a matter of law even if the mailing had been sent to an agent authorized to accept service. Accordingly, because Plaintiffs attempted service on the wrong person and have not provided any evidence that they complied with the service requirements of Maryland law, this action should be dismissed pursuant to Rule 12(b)(5).

---

11/  *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) (internal citations omitted).

12/  *See* Md. R. 2-121(a).

## C. Defendants' Actual Knowledge of this Lawsuit Does Not Cure Plaintiffs' Defective Service

The requirements of effective service are not mere formalities. Rather, this Court lacks jurisdiction over defendants who are not properly served. 13/ As the United States Supreme Court has stated: "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." 14/

For this reason, federal courts long have recognized that the actual knowledge of a defendant regarding the existence of a lawsuit does not cure defective service. 15/ As one district court recently explained:

> Plaintiffs also argues that dismissal pursuant to Rule 12(b)(5) is improper because defendants . . . have actual knowledge of the lawsuit and thus were not prejudiced by plaintiff's improper service. Plaintiff cites no law in support of this assertion, and the court refuses to adopt such a rule here. To do so would be to destroy the vehicle Rule 12(b)(5) provides to defendants to move for dismissal for improper service of process. Any defendant in a position to move under Rule 12(b)(5) would have knowledge of the lawsuit, otherwise that defendant would not be filing a motion. *As such, the rules surely do not contemplate a lack of actual knowledge of*

---

13/   *See Armco, Inc.*, 733 F.2d at 1089 (4th Cir. 1984); *accord Follum v. N.C. State Univ.*, No. 5-08-CV-526-FL, 2009 WL 2869927, at *2 (M.D.N.C. Sept. 2, 2009) ("A court does not have jurisdiction over a defendant who is improperly served).

14/   *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

15/   *See, e.g., Sain*, 2009 WL 2858993, at *4 n.3 ("it is well settled that a defendants' actual notice of the litigation is insufficient to satisfy service requirements under Rule 4").

> *the pending lawsuit as a prerequisite for moving to dismiss under Rule 12(b)(5).* 16/

Accordingly, because Plaintiffs failed to comply with the requirements of Rule 4, service is defective, this Court lacks jurisdiction over the Defendants, and dismissal is appropriate pursuant to Rule 12(b)(5).

## IV.    Conclusion

For all of the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety.

Dated: December 18, 2009

                           Respectfully submitted,

                           _____/s/_____
                           Mark D. Gately (Bar #00134)
                           Scott R. Haiber (Bar #25947)
                           Andrea W. Trento (Bar #28816)
                           HOGAN & HARTSON LLP
                           Harbor East
                           100 International Drive, Suite 2000
                           Baltimore, MD  21202
                           Phone:  (410) 659-2700
                           Facsimile: (410) 659-2701
                           E-mail: srhaiber@hhlaw.com

                           Attorneys for Defendants Martek Biosciences Corporation, Henry Linsert, Jr., Richard J. Radmer, Thomas C. Fisher, Jerome C. Keller, Peter L. Buzy, George P. Barker, Jules Blake, Robert J. Flanagan, Ann L. Johnson, Douglas J. MacMaster, John H. Mahar, Sandra Panem, Eugene H. Rotberg, and James Flatt

---

16/    *Follum*, 2009 WL 2869927, at *2 (emphasis added).